**UNITED STATES of America**

v.

**Richard FISHER.**

**No. Crim. 84–00477.**

United States District Court, E.D. Pennsylvania.

Jan. 11, 1985.

---

Nicholas Harbist, Asst. U.S. Atty., Philadelphia, Pa., for plaintiff.

Thomas A. Bergstrom, Philadelphia, Pa., for defendant.

## MEMORANDUM and ORDER

JOSEPH S. LORD, III, Senior District Judge.

On December 4, 1984, the Grand Jury returned an indictment charging the defendant with conspiracy to distribute heroin, and with substantive counts charging distribution of heroin. On December 18, 1984, following an evidentiary hearing on the Government's motion for detention under the Bail Reform Act of 1984, P.L.98–473, the Magistrate entered a detention order. The defendant has now applied to me for an order admitting him to bail. I held an evidentiary hearing on January 10, 1985.

Section 3142(e) requires that I determine whether or not there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.). The Government's evidence on this point consisted entirely of the hearsay statements as to declarations of informants, testimony which was admissible only because of the express terms of the Bail Reform Act, subsection (f). However, it has long been the law that probable cause may be established by hearsay evidence providing there is also evidence of the reliability of the informer. This requirement was satisfied here by the law enforcement officers' testimony that previous tips by the informers had resulted in both arrests and convictions. I have no reason to disbelieve the officers, and therefore there was sufficient evidence to satisfy the requirements of hearsay-based probable cause. There was also testimony that there was a tape of a conversation concerning a sale of narcotics in November, 1982. The tape was made sometime in late 1982. Curiously, there was no direct evidence by any surveillance agent or anyone else of actual first hand observation of a sale. Nevertheless, I find that the evidence presented by the Government, although scanty, is sufficient to establish probable cause of a commission of a crime.

This finding raises a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community ..." The Bail Reform Act, § 3142(e). The Act further provides that "[t]he facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of ... the community shall be supported by clear and convincing evidence." I find that the Government has not fulfilled this requirement of the Act.

It must be remembered that we are dealing with the deprivation of the liberty of a citizen of the United States who is presumed to be innocent. In my judgment the clear and convincing evidence requirement rightly places a heavy burden upon the Government before this radical interference with freedom is imposed.

The Government here again offered only hearsay testimony. That testimony con-

sisted of the testimony of police officers repeating what an informer had told them, and in some cases what another police officer had told the witness the informer had told him. The opportunities for distortion and imprecision are obvious. There was also testimony concerning a taped conversation vaguely placed between September and November of 1984 which allegedly recorded a sale by the defendant. The witness who testified to this had never listened to the tape and did not know what the substance was, how much was sold, where it was sold, or any of the circumstances surrounding the sale. Indeed, the substance of the taped conversation came to the testifying witness third-hand through Agent Cunningham, who allegedly was present at the sale, but who did not testify and who repeated his recollection of the taped conversation to the witness who appeared in court. It is common experience of mankind that repetition of conversations, no matter how good the intentions of the narrator may be, is subject to twists of wishful thinking, of interpretation or substitution of words or differences in phraseology,—in short, the conveyance of a completely erroneous version of what the actual conversation was. Although the Government had in its possession both the 1982 and 1984 tapes, and the transcript of the 1982 tape, it did not offer me an opportunity to hear the tapes *in camera* nor did it furnish me with a transcript of the 1982 tape. The very fact that the Government chose to rely on triple hearsay with its inherent human frailties of recollection, instead of furnishing me the exact language, casts suspicion upon the accuracy of the witnesses' testimony. The failure of the Government to offer me proof positive of what the tapes said causes me to believe that the actual conversations might have been harmful to the Government's case and also to be suspicious of the probative value of the hearsay testimony of the witnesses.

Finally, the conduct for which the defendant has been indicted occurred in 1982. Inspite of the fact that the Government now vigorously contends that Fisher will be a menace to the community, the Government nevertheless let him roam at large, allegedly reaping his profits and poisoning the neighborhood of 20th and York Streets, Philadelphia, with a flood of destructive narcotics. There may be some explanation for this inaction, but aside from the unsworn statement of counsel, none was offered. All of the foregoing glaring deficiencies in the Government's proof seem to indicate that the Government treats deprivation of liberty as an automatic sequella of an indictment and that the deprivation of an individual's liberty is not a very serious thing. I disagree with the Government and I find that its evidence falls far short of the clear and convincing standard rightly demanded by the Act.

I will therefore enter an order admitting the defendant to bail in the amount of One Hundred Thousand Dollars ($100,000.00) with ten percent (10%) in cash deposit accompanied by conditions (B), (D), (F), (G), (H), and (I) as set forth in the Bail Reform Act, Section 3142(c)(2). The restrictions called for by Subsection (D) shall be that the defendant shall not leave the jurisdiction and that he will not appear at or frequent the area of 20th and York Streets in Philadelphia, and that he will associate with no known sellers or users of narcotics. The terms of Subsection (F) are self-explanatory and the defendant shall report in person daily to the Pretrial Services Agency of this court.

The conditions of Subsection (G) is that the defendant shall be at 2307 N. Woodstock Street, Philadelphia, from 8 o'clock each evening until 8 o'clock of the morning of the following day. Furthermore, he shall be subject to telephone calls at random times during that period, and his failure to be there shall be a violation of this condition. Subsection (I) is self-explanatory. Under the Bail Reform Act, subsection (N), I impose the further condition that any failure to conform to the previous conditions of bail shall result in revocation of bail and forfeiture of the deposit.